United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHARLES B. FAULTRY,

    Petitioner,

vs.

K. ALLISON, Warden,

    Respondent.
_____/

No. C 12-3379 PJH (PR)

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS, DENYING APPOINTMENT OF COUNSEL AND FOR RESPONDENT TO SHOW CAUSE**

    Petitioner, a California prisoner currently incarcerated at the California Substance Abuse Treatment Facility at Corcoran State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also applied for leave to proceed in forma pauperis.

    Petitioner was convicted in San Francisco County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

**BACKGROUND**

    A jury convicted petitioner of several robbery counts and assault with a firearm. He was sentenced to twenty-seven years and eight months in prison. The California Court of Appeal originally reversed the judgment and remanded the case back to the trial court. The California Supreme Court then ordered the Court of Appeal to vacate its decision and reconsider the case in light of *People v. Lynch*, 50 Cal. 4th 693 (2010). On remand the Court of Appeal affirmed the conviction and the California Supreme Court denied review. Petitioner did not file state habeas petitions.

///

///

**DISCUSSION**

**A.   Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.   Legal Claims**

As grounds for federal habeas relief, petitioner asserts that the trial court's denial of his *Faretta*[1] motion violated the Sixth Amendment. This claim is sufficient to require a response.

**C.   Appointment of Counsel**

Petitioner has also moved for appointment of counsel.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) provides that in habeas cases, whenever "the court determines that the interests of justice so require, representation may be provided for any financially eligible

---

[1] *Faretta v. California*, 422 U.S. 806 (1975), held that the Sixth Amendment's right to counsel also includes the right to self-representation.

person . . . ."

Petitioner has presented his claims adequately, and they are not particularly complex. In addition, the claim was extensively briefed and litigated in the state courts when petitioner was represented by counsel. The interests of justice do not require appointment of counsel.

## CONCLUSION

1. Leave to proceed in forma pauperis (document number 13 on the docket) is **GRANTED**.

2. The motion for appointment of counsel (document number 2 on the docket) is **DENIED**.

3. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

4. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen days of receipt of any opposition.

6. Petitioner is reminded that all communications with the court must be served on

3

respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:    November 14, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\Faultry3379.osc.wpd

United States District Court
For the Northern District of California